UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| MAURICE ERBY #164580, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:05-cv-154 |
| | ) | |
| v. | ) | HON. ROBERT HOLMES BELL |
| | ) | |
| LYNNE PHILLIPSON, et al., | ) | |
| | ) | **OPINION** |
| Defendants. | ) | |
| _____ | ) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies, the Court will dismiss his complaint without prejudice.

**Discussion**

I.      Factual Allegations

Plaintiff Maurice Erby, an inmate at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Lynne Phillipson, Unknown Kleeman, Unknown Vandershaegen, Unknown Polander, and Unknown Lee. Plaintiff alleges that on December 13, 2004, Defendant Vandershaegen brought Plaintiff his dinner

tray. Plaintiff noticed "spit" in the dish of rice and beans after he had consumed a sizeable portion of the meal. Plaintiff experienced severe distress as a result.

Plaintiff states that on December 17, 2004, Defendant Vandershaegen gave Plaintiff a "vile vegetarian food tray," which included a grilled cheese sandwich, a dish of tomato soup, three packs of saltine crackers, baked potato bits, a milk, and a "pear piece of fruit." Plaintiff ate most of the meal and, as a result, suffered from "inflammation of [his] veins, stomach, a severe headache and many other adverse affects."

Plaintiff states that on December 18, 2004, Defendant Kleeman gave Plaintiff a breakfast tray which contained hot cereal, pancakes, chilled fruit, coffee, and milk. After consuming a sizable amount of the cereal and coffee, Plaintiff noticed a strong smell of urine in both of the items that caused Plaintiff to suffer from "inflammation" of his veins, stomach, a severe headache, anguish, and other "ineffable" symptoms. Later that day, Defendant Kleeman gave Plaintiff a lunch tray which contained scalloped potatoes, bread, coleslaw, water "blubs," soda, and some fruit. Plaintiff claims that when he ate the potatoes and fruit, he again noticed the smell of urine, and suffered the same symptoms as he had after eating his breakfast. Plaintiff states that his evening meal was delivered by Defendant Vandershaegen, and that Plaintiff suffered the same symptoms after eating that he had suffered following the morning and noon meals. On December 19, 2004, Defendant Lee brought Plaintiff's breakfast tray. Plaintiff again discerned the smell of urine after eating a sizable portion of the food, which caused Plaintiff to suffer symptoms of illness.

Plaintiff states that he believes he has been given contaminated food ever since he was transferred to LMF on June 17, 2004. Plaintiff claims that the contaminants include blood, urine, feces, suspected semen, mold, "rodent elements," chemicals, and insects, and that Defendants

have taunted him about doing so. Plaintiff states that this conduct is motivated by a desire to retaliate against him for being a litigant. Plaintiff suspects that he is currently infected with a fatal disease as a result of eating contaminated food.

Plaintiff further claims that Defendant Phillipson taunted Plaintiff about stealing his legal mail during Plaintiff's incarceration at LMF. Plaintiff gave Defendant Phillipson one item of legal mail on August 26, 2004, and again on October 4, 2004. Plaintiff also gave Defendant Phillipson two items of legal mail on October 10, 2004. Plaintiff never received any indication that his mail was received by the intended recipients, so Plaintiff mailed follow-up letters in November and December of 2004. Plaintiff seeks declaratory and injunctive relief, as well as damages.

II.     Lack of exhaustion of available administrative remedies

Plaintiff has failed to sufficiently allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 516; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement sua sponte. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 525 U.S. 833, 119 S. Ct. 88 (1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his

complaint, if the decision is available.[1] *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040, 121 S. Ct. 634 (2000). A prisoner must specifically mention the involved parties in the grievance to make prison officials aware of the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001).

Plaintiff's claims regarding the alleged contamination of his meal trays are the type of claims that may be grieved. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement") (effective Nov. 1, 2000); ¶ II (may grieve brutality and corruption by prison staff) (effective Oct. 11, 1999 and November 1, 2000).

The burden to allege and show exhaustion belongs to Plaintiff. *See* 42 U.S.C. § 1997e(a); *Knuckles El*, 215 F.3d at 642; *Brown*, 139 F.3d at 1104. This requirement is "so that the district court may intelligently decide if the issues raised can be decided on the merits." *Knuckles El*, 215 F.3d at 642. Plaintiff states that he filed three grievances on Defendant Phillipson regarding the alleged theft of his outgoing mail. Plaintiff further states that he appealed the denial of these grievances to Step III. Plaintiff claims that he did not attach copies of the grievances because he was unable to obtain copies from prison officials. However, Plaintiff makes no allegations regarding whether he filed grievances on any of the other named Defendants, or with regard to his claims of

---

[1] To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint. The form complaint, which is required by local rule, is disseminated to all the prisons. *See* W.D. MICH. LCIVR 5.6(a). Plaintiff has chosen to forego use of the form complaint in this action.

food contamination. The Sixth Circuit has found that the district court is not required to hold evidentiary hearings on the issue of exhaustion or "spend a lot of time with each case just trying to find out whether it has jurisdiction to reach the merits." *See Knuckles El*, 215 F.3d at 642.

Because Plaintiff's complaint contains both exhausted and unexhausted claims, the Court will dismiss his action pursuant to the "total exhaustion" rule. Under the total exhaustion rule, the presence of an unexhausted claim results in the dismissal of the entire action. *Jones Bey v. Johnson*, *et al.*, 407 F.3d 801 (6th Cir. 2005). Dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997). Accordingly, the Court will dismiss Plaintiff's action without prejudice.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's action without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is

barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

      A Judgment consistent with this Opinion will be entered.

Date:   September 16, 2005        /s/ Robert Holmes Bell
                                                        ROBERT HOLMES BELL
                                                        CHIEF UNITED STATES DISTRICT  JUDGE